

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

<small>The Silvio J. Mollo Building<br>
One Saint Andrew's Plaza<br>
New York, New York 10007</small>

June 8, 2020

**BY ECF**

The Honorable John F. Keenan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007



Re:   *United States v. Michael Campbell,* **16 Cv. 5080 (JFK); 11 Cr. 912 (JFK)**

Dear Judge Keenan:

By Order dated June 3, 2020, this Court directed the Government to "inform the Court whether the stay" in the above-captioned habeas proceedings "should be lifted to allow this action to proceed." For the reasons described below, the Government, with the consent of defense counsel, seeks a further stay of the proceedings at this time.

As the Court is aware, one of the two Section 924(c) charges to which the defendant pled guilty was predicated on a completed Hobbs Act robbery offense. The question of whether a completed Hobbs Act robbery constitutes a crime of violence under Section 924(c)(3)(A)'s force clause has been settled by the Second Circuit in *United States v. Hill*, 832 F.3d 135 (2d Cir. 2016).

The second Section 924(c) charge to which the defendant pled guilty is predicated on an assault-in-aid-of-racketeering offense, in violation of Title 18, United States Code, Section 1959. A co-defendant in Campbell's case, Darren Morris, appealed his Section 924(c) conviction predicated on the same underlying crime. *See United States v. Darren Morris*, Dkt. No. 16-6. Indeed, the charging language of the count contested by Campbell is identical to that challenged by Morris on appeal. The *Morris* case is fully briefed and scheduled for oral argument before the Second Circuit on June 25, 2020.

Because the exact issue presented in this case is likely to be decided by the Second Circuit in the near future, the Government seeks a further stay of the instant habeas proceedings. The prospect of a Second Circuit decision bearing on the merits of the defendant's claims weighs in favor of a continued stay. *See Wang v. United States*, No. 13-CV-3524 DLI, 2015 WL 1966465, at *2 (E.D.N.Y. Apr. 30, 2015) (staying habeas proceedings pending the disposition of a Supreme Court case involving "the same question of law," in the interest of "judicial economy"); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) ("'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes

Honorable John F. Keenan
June 8, 2020

on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))).

Accordingly, the Government respectfully requests that the instant 2255 petition remain stayed pending the Second Circuit's decision in *Morris*. I have conferred with Barry Leiwant, Esq., counsel for the defendant, who has informed me that he consents to this application. The Government further respectfully requests that the Court set a deadline for a status update letter from the parties in approximately three months' time.

                                    Respectfully submitted,

                                    GEOFFREY S. BERMAN
                                    United States Attorney

By: _____
      Christopher J. DiMase
      Assistant United States Attorney
      (212) 637-2433

cc:    Barry Leiwant, Esq. (by electronic mail)

**MEMO ENDORSED**

```
Defense counsel having no objection, the Government's request to
continue the stay pending resolution of the above potentially
relevant case before the Second Circuit is GRANTED.  The parties
shall file a joint status update by no later than September 14,
2020.

SO ORDERED.

Dated:   New York, New York
         June 9, 2020
                                           /s/ John F. Keenan
                                      _____
                                           John F. Keenan
                                      United States District Judge
```

2