

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

**MEMO ENDORSED**

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 17, 2022

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-22-22

**BY ECF**

The Honorable John F. Keenan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    **Re:**   *United States v. Michael Campbell*, **16 Civ. 5080 (JFK); 11 Cr. 912 (JFK)**

Dear Judge Keenan:

    As set forth below, the Government respectfully requests that this Court stay further briefing on defendant Michael Campbell's pending motion for reconsideration. Campbell, through counsel Barry Leiwant, consents to this request.

    On August 10, 2022, Campbell filed a motion for reconsideration of this Court's July 13, 2022 Opinion and Order denying Campbell's habeas motion, which challenged his two convictions under 18 U.S.C. § 924(c) on the grounds that the underlying predicates no longer qualified as crimes of violence. Campbell's motion for reconsideration argues that assault in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3) predicated on New York assault law, can be committed recklessly and therefore does not qualify as a crime of violence under *Borden v. United States*, 141 S. Ct. 1817 (2021).

    The additional argument raised in Campbell's motion for reconsideration is complex. However, the question has been squarely presented to the Court of Appeals by codefendant Darren Morris on direct appeal. *See United States v. Darren Morris*, No. 16-6 (2d Cir.). The *Morris* case was argued on June 25, 2020 and is now pending decision. Other litigation that the *Morris* panel may have been awaiting has now been resolved, and Morris has recently requested that the panel now proceed to decision in his case. *See* No. 16-6, Doc. No. 113 (filed July 8, 2022).

    Because the exact issue presented by Campbell's motion for reconsideration is therefore likely to be decided by the Court of Appeals in the near future, the Government respectfully requests—with the consent of the defendant—that this Court stay further briefing on the motion for reconsideration pending the *Morris* decision. *See Wang v. United States*, No. 13-CV-3524 DLI, 2015 WL 1966465, at *2 (E.D.N.Y. Apr. 30, 2015) (staying habeas proceedings pending the disposition of a Supreme Court case involving "the same question of law," in the interest of "judicial economy"); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) ("'[T]he power to stay proceedings is incidental to the power inherent in every court

to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))).

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Christopher J. DiMase
Jacob R. Fiddelman
Assistant United States Attorneys
(212) 637-1024

cc: Barry Leiwant, Esq.

Defense counsel having no objection, the Government's request to stay further briefing on the defendant's motion for reconsideration is GRANTED. The parties shall file a joint status update by no later than November 23, 2022.

**SO ORDERED.**

Dated: New York, New York
August 22, 2022

_____
John F. Keenan
United States District Judge